UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# ORIGINAL

- - - - - - - - - - - - - - - - x
                  :

UNITED STATES OF AMERICA      :   SEALED INDICTMENT
                  :

      - v. -         :   S4 15 Cr. 627 (ER)
                  :

MARIO ALVARENGA,         :
AMIR MEIRI,              :
HERZEL MEIRI,           :

RAJESH MADDIWAR,         :
SAMANTHA BOUBERT,       :
CHRISTINE MAHARAJ, and    :
OWEN REID,             :

      Defendants.     :
                  :

- - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3|16|16

## COUNT ONE

**(Conspiracy to Commit Wire Fraud and Bank Fraud)**

The Grand Jury charges:

1.   MARIO ALVARENGA, AMIR MEIRI, HERZEL MEIRI, RAJESH
MADDIWAR, SAMANTHA BOUBERT, CHRISTINE MAHARAJ, and OWEN REID,
the defendants, and others (collectively, the "Hillside Fraud
Team") targeted distressed homeowners living in the New York
City area, including the Bronx, Brooklyn, and Queens. The
Hillside Fraud Team aimed to trick or coerce homeowners into
selling or deeding their properties to one of many businesses
operating out of the premises at 189-10 Hillside Avenue, Hollis,
New York (the "Hillside Address"). At all times relevant to
this Indictment, the Hillside Fraud Team operated or controlled
all of the businesses operating out of the Hillside Address (the

"Hillside Businesses"). The Hillside Fraud Team pursued its
scheme from at least in or about January 2013 up to and
including at least in or about May 2015.

2. The Hillside Fraud Team purported to help
homeowners avoid foreclosure. For example, the Hillside Fraud
Team sent mailings under letterhead for Housing Assistance
Services of New York ("HASNY") to the owners of distressed
properties, inviting them to seek assistance from HASNY to avoid
foreclosure and save their homes. Additionally, the Hillside
Fraud Team hired telemarketers to contact homeowners and to
invite them to meet with HASNY representatives to learn more
about avoiding foreclosure. In person and over the telephone,
members of the Hillside Fraud team led homeowners to believe
that they would be able to receive loan modifications or that
they would be able to transfer their properties to trusted
relatives.

3. In truth, the Hillside Fraud Team intended to
arrange a sale of the homeowners' properties to a Hillside
Business. Upon visiting the Hillside Address, homeowners were
encouraged to sign documents, which in some cases were blank.
Unbeknownst to the homeowners, by signing some of those
documents, they were agreeing to sell their homes to Launch
Development, LLC ("Launch Development") or another Hillside

2

Business. After meeting with the Hillside Fraud Team, many homeowners soon found themselves forced to vacate their homes or to pay rent to Launch Development or another Hillside Business.

4. The Hillside Fraud Team deceived banks into approving the sale of homes to Hillside Businesses. Most homeowners who visited the Hillside Address owed more to banks on their mortgages than their homes were worth, so the sales of those homes required bank approval. Under the guise of HASNY, the Hillside Fraud Team purported to represent homeowners, and, under the guise of Launch Development or another Hillside Business, it sought to acquire the homeowners' properties. But the Hillside Fraud Team concealed and attempted to conceal from homeowners and banks the fact that the Hillside Fraud Team stood on both sides of the real estate transactions it had arranged. Further, members of the Hillside Fraud team frequently sent banks falsified documents, including documents that been edited or completed after the homeowners had signed them and documents that included forged homeowners' signatures, in order to fraudulently obtain bank approval for the sales.

## The Conspiracy

5. From at least in or about January 2013 up to and including at least in or about May 2015, in the Southern District of New York and elsewhere, MARIO ALVARENGA, AMIR MEIRI,

3

HERZEL MEIRI, RAJESH MADDIWAR, SAMANTHA BOUBERT, CHRISTINE MAHARAJ, and OWEN REID, the defendants, and others known and unknown, willfully and knowingly, did combine, conspire, confederate, and agree together and with each other to commit wire fraud, in violation of Title 18, United States Code, Section 1343, and bank fraud, in violation of Title 18, United States Code, Section 1344.

6.     It was a part and object of the conspiracy that MARIO ALVARENGA, AMIR MEIRI, HERZEL MEIRI, RAJESH MADDIWAR, SAMANTHA BOUBERT, CHRISTINE MAHARAJ, and OWEN REID, the defendants, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

7.     It was a further part and object of the conspiracy that MARIO ALVARENGA, AMIR MEIRI, HERZEL MEIRI, RAJESH MADDIWAR, SAMANTHA BOUBERT, CHRISTINE MAHARAJ, and OWEN REID, the defendants, and others known and unknown, willfully and knowingly, would and did execute and attempt to execute a

4

scheme and artifice to defraud a financial institution, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such financial institution, by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.

(Title 18, United States Code, Section 1349.)

## COUNT TWO

### (Money Laundering Conspiracy)

The Grand Jury further charges:

8.    The allegations in paragraphs 1-6 are re-alleged and incorporated as if fully set forth herein.

9.    Proceeds of the conspiracy charged in Count One of the Indictment were deposited into a Launch Development bank account controlled by AMIR MEIRI and HERZEL MEIRI, the defendants. In order to conceal or disguise the nature, location, source, ownership or control of the proceeds, AMIR MEIRI and HERZEL MEIRI transferred the proceeds to other companies they owned and controlled, falsely describing the transfers as, among other things, rent payments. The proceeds were ultimately transferred back to Launch Development or spent on luxury items for AMIR MEIRI or HERZEL MEIRI.

10.    From at least in or about January 2013 up to and including at least in or about May 2015, in the Southern District of New York and elsewhere, AMIR MEIRI and HERZEL MEIRI, the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to violate Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 1957(a).

11.    It was a part and an object of the conspiracy that AMIR MEIRI and HERZEL MEIRI, the defendants, and others known and unknown, in an offense taking place in the United States, knowingly and willfully would and did engage in and attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000, such property having been derived from specified unlawful activity, to wit, AMIR MEIRI and HERZEL MEIRI transferred funds exceeding $10,000 representing proceeds of the bank fraud and wire fraud conspiracy charged in Count One of the Indictment from the Launch Development bank account into other bank accounts maintained by other companies owned and controlled by AMIR MEIRI and HERZEL MEIRI, all in violation of Title 18, United States Code, Section 1957(a).

12.    It was further a part and an object of the conspiracy that AMIR MEIRI and HERZEL MEIRI, the defendants, and others known and unknown, knowing that the property involved in

6

certain financial transactions represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions, which in fact involved the proceeds of a specified unlawful activity, to wit, the conspiracy to commit bank fraud and wire fraud charged in Count One of the Indictment, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of these proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Section 1956(h).)

### COUNT THREE

### (Money Laundering)

The Grand Jury further charges:

13. The allegations in the preceding paragraphs are re-alleged and incorporated as if fully set forth herein.

14. From at least in or about January 2013 up to and including at least in or about May 2015, in the Southern District of New York and elsewhere, AMIR MEIRI and HERZEL MEIRI, the defendants, in an offense taking place in the United States, knowingly and willfully engaged in and attempted to engage in monetary transactions in criminally derived property that was of a value greater than $10,000, to wit, the payment of funds in excess of $10,000 from a bank account that received funds from

7

the bank and wire fraud conspiracy charged in Count One of the

Indictment to bank accounts held in the name of other companies

owned and controlled by AMIR MEIRI and HERZEL MEIRI and to pay

other personal expenses of AMIR MEIRI  or HERZEL MEIRI, such

property having been derived from a specified unlawful activity,

to wit, proceeds from the bank and wire fraud conspiracy charged

in Count One of the Indictment.

(Title 18, United States Code, Sections 1957(a) and 2).

## COUNT FOUR

### (Money Laundering)

The Grand Jury further charges:

15.    The allegations in the preceding paragraphs are

re-alleged and incorporated as if fully set forth herein.

16.    From at least in or about January 2013 up to and

including at least in or about May 2015, in the Southern

District of New York and elsewhere, AMIR MEIRI and HERZEL MEIRI,

the defendants, knowing that the property involved in certain

financial transactions represented the proceeds of some form of

unlawful activity, did conduct and attempt to conduct such

financial transactions, which in fact involved the proceeds of a

specified unlawful activity, knowing that the transactions were

designed in whole and in part to conceal and disguise the

nature, location, source, ownership, and control of these

proceeds of specified unlawful activity, to wit, AMIR MEIRI and
HERZEL MEIRI transferred proceeds from the bank and wire fraud
conspiracy charged in Count One of the Indictment from Launch
Development to other companies they owned and controlled and
disguised the transfers as, among other things, rent payments.
(Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.)

## COUNT FIVE

### (Conspiracy to Commit Bank Fraud)

The Grand Jury charges:

17.    The allegations in the preceding paragraphs are
re-alleged and incorporated as if fully set forth herein.

18.    From at least in or about January 2013 up to and
including at least in or about April 2013, in the Southern
District of New York and elsewhere, MARIO ALVARENGA and HERZEL
MEIRI, the defendants, and others known and unknown, willfully
and knowingly, did combine, conspire, confederate, and agree
together and with each other to commit bank fraud, in violation
of Title 18, United States Code, Section 1344.

19.    It was a part and object of the conspiracy that
MARIO ALVARENGA and HERZEL MEIRI, the defendants, and others
known and unknown, willfully and knowingly, would and did
execute and attempt to execute a scheme and artifice to defraud
a financial institution, the deposits of which were then insured
by the Federal Deposit Insurance Corporation, and to obtain

9

moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such financial institution, by means of false and fraudulent pretenses, representations, and promises, to wit, MARIO ALVARENGA and HERZEL MEIRI, the defendants, obtained a mortgage loan for HERZEL MEIRI, the defendant, by means of false and fraudulent statements and letters, in violation of Title 18, United States Code, Section 1344.

(Title 18, United States Code, Section 1349.)

## TELEMARKETING FRAUD ALLEGATION AS TO COUNT ONE

20. MARIO ALVARENGA, AMIR MEIRI, HERZEL MEIRI, RAJESH MADDIWAR, SAMANTHA BOUBERT, CHRISTINE MAHARAJ, and OWEN REID, the defendants, committed the offense charged in Count One of this Indictment in connection with the conduct of telemarketing, that is, a plan, program, promotion, and campaign that is intended to induce the purchase of services by use of one or more interstate telephone calls initiated either by a person who is conducting the plan, program, promotion, and campaign, or by a prospective purchaser, and in so doing victimized ten or more persons over the age of 55.

21. Accordingly, MARIO ALVARENGA, AMIR MEIRI, HERZEL MEIRI, RAJESH MADDIWAR, SAMANTHA BOUBERT, CHRISTINE MAHARAJ, and OWEN REID, the defendants, are subject to enhanced penalties, pursuant to Title 18, United States Code, Section 2326, and

10

mandatory restitution, pursuant to Title 18, United States Code, Section 2327.

## FORFEITURE ALLEGATION AS TO COUNTS ONE AND FIVE

22. As the result of committing the offenses alleged in Counts One and Four of this Indictment, MARIO ALVARENGA, AMIR MEIRI, HERZEL MEIRI, RAJESH MADDIWAR, SAMANTHA BOUBERT, CHRISTINE MAHARAJ, and OWEN REID, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, any and all property constituting and derived from any proceeds the defendants obtained directly or indirectly as a result of the commission of the offenses charged in Counts One and Five of this Indictment.

## FORFEITURE ALLEGATION AS TO COUNTS TWO THROUGH FOUR

23. As a result of committing the offenses alleged in Counts Two and Three of this Indictment, AMIR MEIRI and HERZEL MEIRI, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in the offense alleged in Counts Two through Four of this Indictment, or any property traceable to such property.

## Substitute Asset Provision

24. If any of the above-described forfeitable

11

property, as a result of any act or omission of the defendants:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third party;

      c.    has been placed beyond the jurisdiction of the court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

      (Title 18, United States Code, Sections 981 and 982; Title 21, United States Code, Section 853(p); and Title 28, United States Code, Section 2461(c).)

_____
FOREPERSON

_____
PREET BHARARA
United States Attorney

12

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

**v.**

**MARIO ALVARENGA, AMIR MEIRI,
HERZEL MEIRI, RAJESH MADDIWAR, SAMANTHA
BOUBERT, CHRISTINE MAHARAJ, and
OWEN REID,**

**Defendants.**

---

**SEALED INDICTMENT**

S4 15 Cr. 627

(18 U.S.C. §§ 1349, 1956, 1957, 2326.)

PREET BHARARA
United States Attorney

Foreperson

---